UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNICARE LIFE & HEALTH
INSURANCE COMPANY,

        Plaintiff,        Civil Action No. 21-11951

v.        Mark A. Goldsmith
        United States District Judge

ROSA LEE SWARN, *et al.*,        David R. Grand
        United States Magistrate Judge

        Defendants.
_____/

### REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 28) AND PLAINTIFF'S MOTION FOR INTERPLEADER DEPOSIT (ECF No. 24)

This is an interpleader action involving the death benefit of John Jones, Jr. ("Decedent"), who was insured under a group life insurance policy ("Policy") issued by Plaintiff UniCare Life & Health Insurance Company ("UniCare").[1] Upon the Decedent's death, UniCare received competing claims to the Policy's $41,000 death benefit ("Death Benefit") from Defendants Rosa Lee Swarn ("Swarn"), Shirley Lee, Terry Jones, Bruce Jones, Brenda Roper, and the Estate of John Jones, Jr. (ECF No. 1, PageID.4-5).

While the remaining defendants filed answers to UniCare's interpleader complaint, Swarn failed to respond. UniCare has now filed two motions: (1) a Motion for Default Judgment Against Rosa Lee Swarn (ECF No. 28); and (2) a Motion for Leave to Deposit

---

[1] This case has been referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. §636(b). (ECF No. 12).

Interpleader Funds, seeking to deposit the Death Benefit, be discharged from this case, and be free from future liability regarding the Death Benefit (ECF No. 24). No responses were filed to either motion.

Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

**I.    REPORT**

    **A.    Background**

As set forth above, UniCare insured the Decedent through a group life insurance policy (policy number GI 17-GCC) providing for a Death Benefit in the amount of $41,000. The Decedent died on October 6, 2020. (ECF No. 1, PageID.3).

UniCare's records show that, at the time of the Decedent's death, his friend, Swarn, was the named primary beneficiary under the Policy. (ECF No. 1-3). As the primary beneficiary, Swarn made a claim for the Death Benefit. (ECF No. 1, PageID.3). The Decedent's children – Shirley Lee, Terry Jones, Bruce Jones, and Brenda Roper – also made claims to the Death Benefit. (*Id.*). In support of their claims, the Decedent's children argued that the Decedent suffered from dementia and that Swarn forced him to designate her as the primary beneficiary. (*Id.*). Additionally, the Estate sought payment of the Death Benefit. (*Id.*).

On August 23, 2021, UniCare filed its interpleader complaint in this Court. (ECF No. 1). That same day, summonses were issued for each of the defendants. (ECF No. 3). Shirley Lee, Terry Jones, Bruce Jones, Brenda Roper, and the Estate each filed an answer.

(ECF Nos. 6, 8, 9, 10, 11). Swarn was served on August 27, 2021 (ECF No. 13); to date, however, she has not filed a responsive pleading or otherwise appeared in this matter.

On December 4, 2021, UniCare filed a request for clerk's entry of default against Swarn under Federal Rule of Civil Procedure 55(a). (ECF No. 22). That request was granted on December 6, 2021. (ECF No. 23). UniCare now moves for default judgment against Swarn under Rule 55(b). (ECF No. 28). UniCare has also filed a motion for leave to deposit the Death Benefit with the Court, and for interpleader relief. (ECF No. 24). As set forth above, no opposition has been filed to either motion.

    **B.**    **Analysis**

        1.    *Interpleader*

"Interpleader is an equitable proceeding that affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (internal quotations omitted). Generally, there are "two stages" of an interpleader action: first, "the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader[,]" and, second, "the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial." *High Tech. Prods.*, 497 F.3d at 641.

At this point in the litigation, the Court addresses only whether UniCare properly invoked interpleader, finding that it has. First, UniCare contends that "[t]his Court has jurisdiction over [its] Complaint in Interpleader pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure because there is minimal diversity amongst the Defendants, and the amount in controversy exceeds $500." (ECF No. 1, PageID.2). It also asserts that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the Death Benefit is payable pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, and UniCare requests that the Court determine the rightful beneficiary to such funds. (*Id.*). No party has contested this Court's subject matter jurisdiction, and UniCare's assertions appear correct.

Second, two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to the Death Benefit.[2] Specifically, the beneficiary of the Policy at the time of the Decedent's death was Swarn, and she has made a claim to the Death Benefit, claiming entitlement as the appropriate beneficiary. (ECF No. 1, PageID.3). The Decedent's children – Shirley Lee, Terry Jones, Bruce Jones, and Brenda Roper – have also alleged that they are entitled to the Death Benefit based on their argument that the Decedent suffered from dementia and that Swarn forced him to designate her as the primary beneficiary. (*Id.*). Further, the Estate also has sought payment of the Death Benefit. (*Id.*).

Where the plaintiff-stakeholder has satisfied the interpleader jurisdictional

---

[2] Swarn is domiciled in Michigan, Shirley Lee and Bruce Jones in Alabama, Terry Jones in Georgia, and Brenda Roper in Florida. (ECF No. 1, PageID.1-2). Therefore, minimal diversity exists to satisfy the requirements of 28 U.S.C. § 1335.

4

requirements, the court is empowered to discharge the stakeholder from liability and dismiss it from the action. *See* 28 U.S.C. § 2361. The plaintiff-stakeholder also may request injunctive relief in which the court enjoins pending or future proceedings against it by the interpleading defendants in any other court. *Id.* Here, UniCare has met the requirements for interpleader, has admitted liability to pay the Death Benefit, has no interest in the Death Benefit or in the outcome of any possible dispute, and now seeks to deposit the funds into the Court's registry. Accordingly, UniCare should be discharged from any liability and dismissed from this action with prejudice upon deposit of the Death Benefit, and the defendants and any other potential claimants should be enjoined from instituting or maintaining any action against UniCare pertaining to the Death Benefit.

In its motion for interpleader relief, UniCare also seeks to deduct from the Death Benefit "$4,000 in agreed attorneys' fees and costs." (ECF No. 24, PageID.200). Although the decision whether to award costs and attorney's fees to the stakeholder in an interpleader action is up to the Court's discretion, *see* WRIGHT, MILLER & KANE, Federal Practice and Procedure: Civil § 1719 (3d ed. 2001), the Court notes that, here, UniCare repeatedly represents that the $4,000 has been "agreed" to, and none of the defendants has objected to such an award. Indeed, all of the parties who have appeared in this action have expressly agreed to UniCare's request in this respect. (ECF No. 29, PageID.225-26). Under the circumstances, then, this request will be granted.

    2.    *Default Judgment*

Default judgments are governed by Federal Rule of Civil Procedure 55. A defendant defaults when he fails to answer "within 21 days after being served with the

summons and complaint[.]" *See* Fed. R. Civ. P. 12(a)(1)(A)(i). The next step is for the plaintiff to seek an entry of default from the clerk. *See* Fed. R. Civ. P. 55(a). Afterward, the plaintiff may file a motion for default judgment. *See* Fed. R. Civ. P. 55(b). The decision to grant a default judgment rests in sound discretion of the district court. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).

Default judgment is appropriate here. Swarn was served on August 27, 2021 (ECF No. 13), and she did not file an answer or motion to dismiss within twenty-one days. At this point, she has not responded to UniCare's interpleader complaint for more than six months. And, although granting default judgment extinguishes her claim to the Death Benefit, default judgment is permissible in the interpleader context. *See Unum Life Ins. Co. of Am. v. Lytle*, No. 18-13234, 2019 WL 668159, at *2 (E.D. Mich. Feb. 19, 2019) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.") (internal quotations omitted).

The Court is also satisfied that Rule 55's other requirements are met. The amount of the Death Benefit is undisputed, and, thus, the Court need not conduct a further accounting. *See* Fed. R. Civ. P. 55(b)(2)(A). The complaint alleges no damages against Swarn, so the Court need not determine any. *See* Fed. R. Civ. P. 55(b)(2)(B). Moreover, the Court is satisfied that Swarn's default is sufficiently supported by evidence, including the certificate of service for her and the passage of an ample amount of time for her to participate in these proceedings if she so desired. Thus, entry of default judgment against Swarn is appropriate.

## II.     RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that UniCare's Motion for Default Judgment Against Rosa Lee Swarn **(ECF No. 28)** and Motion for Leave to Deposit Interpleader Funds **(ECF No. 24)** be **GRANTED.** Specifically:

(1) UniCare's request for entry of default judgment against Swarn should be **GRANTED**, and she should be barred from receiving any of the Death Benefit at issue in this interpleader action;

(2) Defendants Rosa Lee Swarn, Shirley Lee, Terry Jones, Bruce Jones, Brenda Roper, and the Estate of John Jones, Jr., and any other claimant to the Death Benefit, together with their agents, attorneys, and assigns, should be permanently enjoined from instituting or maintaining any additional federal, state, or administrative action against UniCare, as well as its respective past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys, or insurers relating to the Death Benefit and/or the facts set forth in UniCare's interpleader complaint;

(3) UniCare should be ordered to deposit into the Court registry: (i) the $41,000.00 Death Benefit, (ii) less $4,000 in attorney's fees and costs, (iii) plus all accrued interest;

(4) UniCare and any of its past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys, and insurers should be discharged from any and all liability with respect to the Decedent's coverage under the Policy, the Death Benefit, and/or the facts that comprise the basis of this interpleader action; and

(5) UniCare should be **DISMISSED** from this action **WITH PREJUDICE**.

Dated: March 24, 2022  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 24, 2022.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager
