UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNICARE LIFE & HEALTH INSURANCE
COMPANY,

    Plaintiff,                              Case No. 21-cv-11951

vs.                                         HON. MARK A. GOLDSMITH

ROSA LEE SWARN, et al.,

    Defendants.
_____/

## ORDER (1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 30), (2) GRANTING PLAINTIFF'S MOTION FOR INTERPLEADER DEPOSIT (Dkt. 24), AND (3) GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT ROSA LEE SWARN (Dkt. 28)

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge David Grand, issued on March 24, 2022 (Dkt. 30). In the R&R, the magistrate judge recommends that the Court grant Interpleader Plaintiff UniCare Life & Health Insurance Company's (i) motion for leave to deposit interpleader funds, which seeks to deposit the death benefit that derives from the late John Jones, Jr.'s group life insurance policy, to be discharged from this case, and to be free from future liability regarding the death benefit (Dkt. 24); and (ii) motion for default judgment against Defendant Rosa Lee Swarn (Dkt. 28). See R&R at 7.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those

Not used

findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court accepts the recommendation contained in the R&R (Dkt. 30). Unicare's motions for leave to depot interpleader funds (Dkt. 24) and for default judgment against Swarn (Dkt. 28) are granted. Specifically, as recommended by Magistrate Judge Grand:

1. UniCare's request for entry of default judgment against Swarn is granted, and Swarn is barred from receiving any of the death benefit at issue in this interpleader action;

2. Defendants Swarn, Shirley Lee, Terry Jones, Bruce Jones, Brenda Roper, and the Estate of John Jones, Jr., and any other claimant to the death benefit, together with their agents, attorneys, and assigns, are permanently enjoined from instituting or maintaining any additional federal, state, or administrative action against UniCare, as well as its respective past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives,

attorneys, or insurers relating to the death benefit and/or the facts set forth in UniCare's interpleader complaint;

3. UniCare shall submit a proposed order regarding its deposit into the Court registry;

4. UniCare and any of its past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys, and insurers are discharged from any and all liability with respect to the Decedent's coverage under the Policy, the Death Benefit, and/or the facts that comprise the basis of this interpleader action; and

5. UniCare is dismissed from this action with prejudice.

Additionally, the Court withdraws its referral of this case to Magistrate Judge Grand (Dkt. 12).

SO ORDERED.

Dated: May 11, 2022             s/Mark A. Goldsmith
    Detroit, Michigan          MARK A. GOLDSMITH
                                     United States District Judge